Your Honor, in this case on the dock, 2-18-0426, Larissa G. Schmidt, plaintiff's appellant, the Aubrey Calgaynor, Aubrey Calgaynor and Associates, D.C., and Richard B. Police, defendants' appellant. Arguing on behalf of the plaintiff's appellant, Mr. Thomas W. Gooch, therapist. Arguing on behalf of the defendant's appellant, Richard Police, Ms. Amanda J. Spencer. Arguing on behalf of the defendant's appellant, Aubrey Calgaynor and Associates, Mr. Chairman, and those... Mr. Gooch. This matter comes to you from DuPage County, where a complaint for legal malpractice was dismissed. As the court thought, there was a similar case pending... Can I just stop you right there? How is it a complaint for legal malpractice? And I'm looking at the complaint at law. It says, breach of contract, charging excessive legal fees. The opening line of your white brief says, this lawsuit is a breach of contract for charging excessive fees filed by Carice Schmidt. Then, all of a sudden, after we read the blue briefs, in the yellow brief, it magically transforms into a legal malpractice case. Well, I think I've judged... Excuse me, Mr. Justice. Legal malpractice is founded on a breach of contract. There are any number of cases that set that forth. The breach occurs when the attorney doesn't meet the standard of care required by the contract. Well, the breach here is the excessive fees, right? Yes, sir. But we plead in our complaint that a term of that contract, whether it was for the charging of reasonable and necessary fees only, as opposed to what happened in this case. So tell me how that issue cannot be resolved in a 508 petition. In a what? In a 508 petition. Well, first of all, the 508 petition is seeking more money. We're seeking a return of money. Secondly, a breach of contract is a common law action, and I believe that we have the right to a jury trial. But we chose to file it in the law division for that purpose. 508 does not take priority over everything else. I mean, 508 provides a mechanism for an attorney in a divorce case to seek an award of fees, but it's not an exclusive or only remedy. There is no law that I know of that prevents a citizen from seeking to recover fees that have already been paid in a law division case with a jury division. Why do you believe that a 508 fee petition in divorce court cannot result in disgorgement of fees? When we have cases that certainly the Supreme Court has approved disgorgement. Yes. So, I mean, if I'm a judge sitting at a divorce court and I find your petition is spot on that these fees never should have been charged and they were collected already by the attorney, are you telling me that I would not have the right to order a disgorgement of that amount of fees to your client? I am unaware of, in DuPage County, of any cases ever awarded a disgorgement, and that would require filing a counterpetition and an affirmative defense, but that's really not the issue. The issue is whether she has a right to have it heard by a jury, and I know of no law that says she can't have a jury trial for a common law action. Now, there would be a res judicata issue if there had been a hearing on these fees, but there hasn't been a hearing. As of today, there hasn't been a hearing on those fees. The petition is just sitting down there waiting for the divorce to get over with, which, at the rate it's going, may be done. Well, but then you rely on the Weissman case. Isn't that a case involving res judicata? Weissman did involve res judicata. So how is that apposite? It's applicable because it speaks to the jury. So you're using it only for that part, is that right? Yes, ma'am. The court also found that there were allegations of negligence that were separate and apart from the claims of unreasonableness of fees. So here, you don't have that either. Basically, in paragraph 11, you allege, for reasons set forth below, police, and this is just with regard to one defendant, breached his agreement, both oral and in writing, through the charging of clearly excessive fees. That's really all that's alleged in this. That's the gist of the complaint that you filed. I'm sorry. That is the gist of the complaint. So that, too, is different than Weissman? Yes. However, Weissman stands to the principle that she's entitled to adjourn. I don't think there are other cases that say the same thing. We maintain that the term of the contract, the term of every contract, even the rules of professional conduct specify that fees must be reasonable and for necessary work only. And that's a determination that the divorce judge can make, correct, in the 508 petition? The divorce court could make that determination. Yes. And you agree that the standard of review or our standard of review for the granting of 2619A3 is abuse of discretion? Yes. Where is the abuse of discretion here? I'm sorry, Judge? Where is the abuse of discretion by Judge Souter in granting the motion? The abuse of discretion occurs, rather, when she's deprived of that right to adjourn. You don't argue anything about Judge Souter's ruling that was an abuse of discretion? No. I think without saying those particular words, what we do say is that he's just deprived us of our rights. And that's the abuse of discretion. That's the conclusion. That's not an argument. I thought it was. Look at the factors in 2619A3. Where did the trial court abuse its discretion in examining the factors in granting the motion? We believe that the abuse of discretion occurred when he deprived us of the right to adjourn based on the fact that there's already a petition for fees pending under 508. And it's really not a question of whether or not the divorce court could do as good of a job or would have the same result. It's the right that we have to present our case to a jury. You would agree that the legislature took that right away in a 508c petition, right? I mean, you do not have the right to have a jury in a 508c petition. No, that's absolutely correct. So you're saying that by filing an entirely duplicative complaint in the law division, that gives you magically this right, instead of having a judge decide it in a 508, to have a jury decide it? I hope you agree with me on that statement. And that's your argument? Yes. Yes, it is. With that said, I really have nothing further. If you have more questions. No. Thank you. Ms. Hamill. Good morning, Justices, Counsel. May it please the Court. This case is about ensuring consistency within the courts and adhering to the legislature's specific directives in Section 508. In this case, the trial court correctly determined that plaintiff's excessive fee breach of contract claim was completely duplicative of the already pending 508c petition and dismissed it with prejudice. This really boils down to this jury trial issue. Basically, my last question then was, if you could file a totally duplicative petition in the law division, and because you have the right to have a jury in a law division case for breach of contract, then you should have that right in a 508c petition. I don't believe you have the right to a jury trial. When it comes to fee petitions, or the determination of whether fees are reasonable or excessive in family law cases, I think that's what the legislature did in Section 508, examining the actual statute, which is why we included it in our brief, because we think it's important. It sets forth really the reasoning behind the legislature implementing that, is that it wanted to streamline the process for family law attorneys to resolve these disputes both with their clients or when they're seeking contribution from other parties, and to really decrease the amount of litigation. In an effort to avoid having attorneys file breach of contract claims against their clients for unpaid fees, or having clients file breach of contract claims against their attorneys for fees that they deem to be too excessive, the legislature wanted to streamline that process and had everything occurred before the divorce court, before the trial judge, who they deemed was in the best possible position to determine whether those fees were fair, reasonable, and necessary because they had been the ones presiding over the whole matter. Section 508 specifically states that the adjudication of fee disputes between family law attorneys and their clients are best resolved by that trial court, for the reasons that I just stated. And it further states that the trial court may also examine all the fees in the aggregate, with all of the billings included, and examine all of the evidence, including evidence of what the other side's attorney charged, to determine whether that amount was fair and reasonable. Section 501 does permit disgorgement of fees already paid, and the Illinois Supreme Court, in the case we cited in Remarriage for Early Warning, did find that the trial court had the jurisdiction and the ability to order disgorgement of a retainer fee that had already been paid when they found that the fees charged were inappropriate. The issue really then would be whether those fees had been court-earned. If it turns out that the fees were improperly put against the client, then they were not court-earned under the cases that followed earlier. That's correct, and then they would be subject to that same disgorgement amount. So in this case, the plaintiff, in her complaint, alleged that she wanted a return of $10,000, and finding that she doesn't owe the balance of fees to Felice and his, I believe it was $150,000 that he was seeking in additional fees. Under Early Warning, the Supreme Court said that the trial court has the jurisdiction in the 508 petition to examine all of the fees that have been charged or being sought, and determine what amount, if any, is appropriate. So if the trial court decided that, you know what, Mr. Felice, I've looked at the billings, I've looked at all the evidence, and Felice had been the one in the best position to determine whether this case was really generating those types of fees. He could award, he or she could award any amount of those fees, or disgorge them. But the legislature is pretty clear that Section 508 says that those determinations should be made by the trial court in the divorce proceeding, and not court. If, for example, in this case, where we have a due page divorce, the plaintiff went ahead and filed a breach of contract claim in Cook County, and we had to then get it transferred to DuPage County. I had to convince a Cook County judge to bring it back to DuPage. I think that's exactly what the legislature is trying to avoid. If they didn't want to have family law disputes that are being litigated in one county, then spawn additional litigation that could potentially be in other counties, which could then also result in not only duplicative litigation, which is against the principles of judicial economy, but more importantly, it could threaten incredible inconsistency. For example, if you have a fee petition pending in DuPage County, which is what we have, and that judge is going to determine the fairness and reasonableness of Mr. Felice's fees and also Ms. Gaynor's fees. What if that judge determines, okay, this amount is fair and reasonable, but then you have a Cook County court, or even a jury in DuPage County, say, wait a minute, I think divorce attorneys charge way too much money, that's ridiculous, that's a breach of contract, and now you have two completely different and very inconsistent findings within the court system, which is obviously what we always need to try to avoid. Do you read Wiseman as somehow trumping this? Basically, right to a jury trial trumps everything that you spoke about with Section 508? I don't. Wiseman is, as we mentioned before, a res judicata case, number one. Number two, and more importantly, Wiseman was a legal malpractice case in the sense that the plaintiff specifically alleged that the attorney committed malpractice in failing to fully investigate the full nature and extent of the marital estate, that the attorney was negligent in the way that they were handling other aspects of discovery, and that those negligent acts approximately caused the plaintiff to receive a lesser proportion of the marital estate than she would have received otherwise, but for that negligence. That is absolutely a jury case. Legal malpractice cases are tried before juries, and you have a right to have a jury adjudicate those claims. Where you have expert testimony, where you have people come in and say, a typical divorce attorney in that case would have done this discovery, and that would have led to a different outcome. So in Wiseman, it was not merely an issue of excessive fees, whereas in this case and in Bennett, which is what the trial court correctly relied upon, it was just an issue of was the fee excessive for the representation that was delivered. So I don't see Wiseman as trumping any of the arguments here because it is so distinguishable. In this case, there were absolutely no allegations that Mr. Felice did anything wrong or committed any sort of negligent act that approximately caused the plaintiff to receive anything less. Instead, the only allegation was that Mr. Felice and Ms. Gaynor charged too much money, and that was it, which is really within the sole purview of Section 508. There is simply no case law in Illinois that a plaintiff is entitled to a jury trial simply for believing that she was overbilled in her divorce proceeding. Again, if you look at the factors that were outlined by the Supreme Court in early line, and then just talking about the six factors that the court is required to examine to determine the fairness and reasonableness of the fees, which obviously I know your justices are familiar with that, but the difficulty of issues and the subject matter in the field of family law and the degree of responsibility involved in the management of the case and the usual and customary charge for the community, the benefits to the client, those are all from in re marriage of the child. All of those factors, the legislature determined and the courts determined, were really best to be decided by the judge presiding over that specific case, which is the purpose of 508, and which is why I believe the trial court was correct in dismissing this claim as duplicative and saying that all of these things should be resolved through the already pending petition. Thank you. Thank you, Judge. If my co-counsel has anything to say. All right. Mr. Boter. Good morning, Your Honor. Counsel, please say please to the court. I have no interest in reiterating any of the very articulate and I believe complete commentary offered by our co-appellee's counsel, Ms. Hamilton. I would like to point one thing out relative to the Weissman case. You know, we don't know what the answer would have been in Weissman had the court addressed the issue that we're presented with here. In other words, even in the res judicata context. In other words, when the matter was being sent back down, would the plaintiff in that case be able to relitigate the issue as to reasonableness of fees? It's not clear from the opinion whether that was an issue that was raised in the pleadings. It's not clear whether that's a damage that the plaintiff would have thought. Is a jury, I mean, is a jury even, I mean, to have a jury decide an issue of legal fees? Is there any, do you have any authority for that? I mean, is there any authority that you're aware of that that is a subject matter for a jury's determination? There is none that I'm aware of, certainly not in this context, where the legislature has specifically articulated a statutory basis for this issue to be determined upon the discretion of the divorce court. And there's no claim of negligence anywhere in the complaint, correct? Not in the complaint that we're dealing with here today. There was, obviously, in Weisman. In this complaint, it's a breach of contract claim. It's pled as such. It's always been articulated and argued as such. I think that had the Weisman K Court addressed the issues that we have here today, even in the res judicata context, even in the legal malpractice context, even under the de novo standards that it was acting under, I think that it would have reached the conclusion that I think should be reached here, which is that those particular issues, the issues of the reasonableness of fees, either that were or were not paid, would have been res judicata, even under the much more stringent standard applied in that case. I think very clearly the fee petition involved the same cause as is being brought in the breach of contract case. In fact, I think the Weisman case actually stands for that proposition in a way, dealing with somewhat different standards, with very similar standards. Weisman said it was the same cause. It met all the standards of res judicata, but it said that because of these two things, the jury trial issue and not being able to get damages for legal malpractice, we're not going to hold res judicata in to apply. They said exactly that. They said that there were identity of causes of action, which is the standard in a res judicata case, and it is nearly identical to the standard in a 61983 case. In fact, I think, again, it's a more stringent standard to determine that they were identical causes of action. There was an identity of causes of action. So I think that the Weisman case concluded consistently, certainly with what Judge Souter concluded here. So to argue that the Weisman case stands for the proposition that Judge Souter abused his discretion, I don't think that it's based on a full reading of the Weisman case. I'm happy to answer any of the questions, but I don't mean to belabor any of the questions. No, that's all right. Thank you very much. Thank you. Thank you, Justice. Mr. Lutz, rebuttal. If you accept the premise that legal malpractice is based on breach of contract, then what flows from that is that charging excessive fees breaches the attorney-acquired contract and constitutes malpractice. And I think if you accept those premises, that she has the absolute right from proceeding as she did, it's a common law cause of action. Let me ask you this. If this case, if you were correct, how would you prove a breach? How would you prove it? What's negligent? What's the malpractice? If given the opportunity, we would present an expert who would opine that the charging of unreasonable legal fees, excessive legal fees, or fees for unnecessary work constitutes malpractice. And I think we should be given that opportunity. And therefore, what is the relief that you would be asking? From you? From this court? In that situation? Or remandment for trial? No, no. Not from us. You were saying if you would go ahead and allege that. I'm sorry. You know, I hate to admit it, but I left my hearing aids at home. Well, that's okay. Let me talk about it. So you were just describing the lawsuit? Yes. Okay. So what is the relief that you would request in that lawsuit? A return. What type of? Money judgment. For the return, the disgorgement. Yes. You would not be asking for any other damages. So isn't that identity of the causes of action? With respect to the excessiveness of fees that you were talking about earlier? If it were for the Constitution, there's no question that it would all be handled in divorce court. But it's a common law action. I see. And we have a right to that jury trial, I maintain. Okay. So, I mean, taking your theory to the next level, which somewhat happened in this case, I mean, I could have a client who doesn't want to pay his or her legal fees and moves to maybe Moultrie County or something and then files a lawsuit in Moultrie County saying that this guy charged you $500 an hour up in DuPage is outrageous. Because in Moultrie County, that might be outrageous. So, basically, you're opening the door to that for every fee petition anywhere. Right? Is that what we're talking about? I don't think so. But the converse of that argument is to say by not giving her her jury, we're closing the door on a constitutional right and forcing everybody to go to divorce court. Well, we're not closing it. The legislature did. I mean, you know. I mean, I agree with you that it's difficult to come to grips with the statute as opposed to the Constitution. But she has changed the Constitution to let her have her right to a jury in a covenant action. Nobody says that 508 granted an exclusive right to every divorce judge just to hear all fee petitions. I mean, it's kind of a race to the courthouse to see who can get on file first. But, you know, in other cases, they'd already been adhering. Then they tried to come back in another case. This one is not so. Now, in a practical matter, if you had jury boxes in divorce court rooms, just as a judge under the codicil procedure can rule on what we used to call equitable issues, a jury can hear the legal issues at the same time. That would be a resolution. Do you have a case where a plaintiff has been entitled to a right to a jury trial and divorce fees? I have cases that say, and we've cited them, not specifically divorce fees. No, sir. What we do with the cases, it's a common law remedy. A breach of contract is a common law remedy. And the Constitution gives the right to a jury trial for constitutional strike that for common law remedies. Having sat in divorce court, I can tell you that opening up any issues to a jury in divorce court would be very interesting. Oh, I think that's true. I think that's probably why they're prohibiting it. My thought would be that what the jury was hearing was the law division case, not the divorce case. And the judge would sit there and hear those equitable issues. But, yes, I can certainly agree that juries and divorce trials are a good thing in general. Thank you very much. Thank you. I thank all three parties for their arguments today. The Court will take the case under advisement. A written decision will be issued in due course. The Court stands adjourned. Thank you.